UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| AMANDA E. VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:07-CV-096-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Amanda E. Vasquez seeks judicial review of a decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits (DIB). The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Vasquez did not, however, consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court reverse the Commissioner's decision and remand the case for further administrative proceedings.

**I.  Statement of the Case**

Vasquez, who is fifty-five years old, quit working because of pain in her neck and back. (Tr. 337.) Objective diagnostic testing shows that she suffers from severe osteoporosis, that she is at a high risk for suffering fractures, and that she has previously

suffered fractures in her spine. (Tr. 169-70, 175, 219.) She testified that she experienced pain and was limited in her ability to sit, kneel, and walk. (Tr. 339-40, 343.) She also testified that her physicians advised her to limit her activities and to avoid lifting because her bones were "brittle." (Tr. 334.)

The Administrative Law Judge (ALJ) determined that Vasquez suffered severe impairments, including osteoporosis, bilateral shoulder pain, right shoulder impingement syndrome, and vertebral compression fracture. (Tr. 18.) Based on his determination that Vasquez could perform limited light work and on testimony from a vocational expert, he determined that she was capable of performing work that existed in the national economy and was not disabled. (Tr. 21-22.) The Appeals Council denied review, (Tr. 5-7), and the ALJ's decision became the Commissioner's final decision for purposes of judicial review, *see Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005).

## II. Discussion

The reviewing court must determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). The standard requires more than a "simple search of the record for isolated bits of evidence" that would support the Commissioner's decision; the record must be considered as a whole. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986) (citation omitted). Thus, a court must "take into account whatever in the record fairly detracts" from the supporting evidence. *Id.* (quotation omitted).

2

Vasquez points out that S. Daggubati, M.D., a consulting physician, evaluated her on August 31, 2005. (*See* Tr. 146-48.) The Commissioner's regulations direct that consultative examinations may be ordered to aid in the disability determination. 20 C.F.R. § 404.1517 (2007). The regulations specifically direct that reports from such examinations must contain a determination regarding the claimant's ability to do work-related activities such as sitting, standing, walking, and lifting and carrying objects. 20 C.F.R. § 404.1519n(c)(6). Dr. Daggubati reported that Vasquez was able to walk one block, climb twenty steps, lift ten pounds, and bend forward to forty-five degrees. (Tr. 148.) The ALJ disregarded Dr. Daggubati's opinion that Vasquez could lift only ten pounds. He determined that she had the Residual Functional Capacity (RFC) to perform limited light work. (Tr. 21.) Light work requires an individual to lift up to twenty pounds and frequently lift or carry objects weighing up to ten pounds. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251 at *5. Based on Dr. Daggubati's opinion, Vasquez would be incapable of lifting twenty pounds. The ALJ included a number of postural, exertional, and non-exertional limitations in his RFC determination, but he did not include a restriction on lifting. A claimant's RFC must be based on the objective medical evidence regarding his or her functional abilities and limitations. *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988).

In this case, other than Dr. Daggubati's opinion, the only medical opinion regarding Vasquez's ability to lift was rendered by a non-examining physician who believed Vasquez was capable of lifting twenty pounds. The regulations direct that more weight is given to an opinion of an examining physician than that of a non-examining physician. 20 C.F.R.

§ 404.1527(d)(1). The regulations also direct that, regardless of the source, the Commissioner must evaluate every medical opinion in the record. 20 C.F.R. § 404.1527(d). Further, in cases in which a treating source opinion is not given controlling weight, the ALJ must consider the factors in § 404.1527(d) in deciding the weight to give to other opinions. *Id*. The factors include (1) the length of the treating relationship; (2) the frequency of examination; (3) the nature and extent of the treatment relationship; (4) whether the physician provides medical evidence to support his opinion; (5) whether the opinion is consistent with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(1)-(6).

In this case, the ALJ did not give a treating source opinion regarding Vasquez' functional abilities controlling weight. In regard to Dr. Daggubati's opinion, he merely stated that Dr. Daggubati "appears to accept the claimant's alleged limitations at face value." (Tr. 20-21.) The ALJ did not consider the factors set forth under 20 C.F.R.§ 404.1527(d). His failure to do so was error and deprives his decision of substantial evidence.

### III. **Recommendation**

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse and remand the Commissioner's decision for further administrative proceedings.

### IV. **Right to Object**

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy

of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: November 28, 2007.

NANCY M. KOENIG
United States Magistrate Judge